

|  |  |  |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JEFFREY NOLL**<br>*Assistant Corporation Counsel*<br>jnoll@law.nyc.gov<br>Phone: (212) 356-2617 |

June 10, 2025

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St
New York, New York 10007

      Re: *Thomas Gemini v. City of New York et al.*, 24 CV 9464 (LJL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the City of New York and Carlos Juarez ("Defendants") in the above-referenced action. The parties jointly request that the Court adjourn the initial conference presently scheduled for June 18, 2025, at 11:00 a.m., until after the parties have fulfilled all requirements set forth by Local Civil Rule 83.10 (the "Plan").[1]

      By way of background, on December 11, 2024, Plaintiff filed a complaint alleging that on September 12, 2023, New York City Police Department ("NYPD") Police Officer Carlos Juarez, amongst other NYPD members, subjected Plaintiff to excessive force during his arrest, when NYPD officers approached his vehicle with their firearms drawn, removed him from the vehicle, and arrested him. He claims that he went to Harlem Hospital where he was diagnosed with an arm fracture. Plaintiff now bring claims of failure to intervene, excessive force, a claim for municipal liability, and supplemental state law and NYC Administrative Code claims. See ECF Docket No. 1.

      On December 12, 2024 this case was designated as subject to Local Civil Rule 83.10, which applies to actions brought in the Southern District against NYPD officers alleging constitutional violations pursuant to 42 U.S.C. § 1983. See ECF Docket Entry dated December 12, 2024. As the Court is aware, pursuant to Local Civil Rule 83.10, certain limited discovery and deadlines are pre-established in § 1983 Plan cases. The Plan also requires the parties to attend a mediation session within 14 weeks after the first defendant answers the Complaint, which in this case would

---

[1] The parties also request a corresponding extension of their time to submit a proposed case management plan until one week prior to the rescheduled conference.

be on or before September 8, 2025. For these reasons, Defendants request that the Court adjourn the initial conference so that they may complete the limited discovery and the mediation as set forth by the Plan. Currently, the parties are working cooperatively to schedule the first mediation with the assigned mediator.

As such, in the interest of judicial economy, the parties respectfully request that the Court adjourn the deadline to submit a proposed case management plan and the date of the initial conference until a date convenient to the Court after the § 1983 Plan's completion.

The parties thank the Court for its consideration.

Respectfully submitted,

/s/ *Jeffrey Noll*
Assistant Corporation Counsel
Special Federal Litigation Division

CC: All Counsel by ECF

GRANTED.  The initial pretrial conference scheduled for June 18, 2025 is adjourned pending completion of the Section 1983 Plan.  Once a mediation conference has been scheduled, the parties are directed to submit a letter to the Court informing the Court of that date.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

June 11, 2025